IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PLANNED PARENTHOOD
OF KANSAS AND MID-MISSOURI,

Plaintiff,

vs.                                            Case No. 11-2357-JTM

SAM BROWNBACK, GOVERNOR OF KANSAS,
AND
ROBERT MOSER, M.D., SECRETARY,
KANSAS DEPARTMENT OF HEALTH
AND ENVIRONMENT,

Defendants.

MEMORANDUM AND ORDER

On August 1, 2011, the court granted the Motion for Preliminary Injunction of the

plaintiff Planned Parenthood of Kansas and Mid-Missouri, finding unconstitutional recent

Kansas legislation effectively excluding the plaintiff from participating in federal Title X

family planning sub-grant funding in the state. Following this finding, the court directed

the defendants, Governor Sam Brownback and Secretary of the Kansas Department of

Health and Environment Dr. Robert Moser, to resume Title X funding to Planned

Parenthood. (Dkt. 39). The defendants subsequently filed a Notice of Appeal challenging the injunction. (Dkt. 41).

On August 9, the defendants filed a Motion to Stay the effect of the injunction during their appeal. (Dkt. 43). For the reasons provided herein, the Motion to Stay is denied.[1]

A stay pending appeal requires proof of four elements: that the appeal rests on a strong legal position, that the appellant will suffer irreparable harm in the absence of the stay, that a stay will not cause injury to the appellee, and that the stay will not be adverse to the public interest. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) (finding the requirements of Fed.R.Civ.Pr. 62(c) and Fed.R.App.Pr. 8(a) are "generally the same"). *See also Northern Natural Gas v. L.D. Drilling*, 618 F.Supp.2d 1280 (D. Kan. 2009); *Resolution Trust Corp. v. Cruce*, 785 F.Supp. 147 ( Kan. 1992).

This court has summarily denied motions for stay pending appeal which fail to address the four necessary elements. *See Boyce v. Dickinson County*, No. 92-4180-DES, 1994

---

[1] Contemporaneous with its Response to the Motion to Stay, plaintiff also filed a Motion for Expedited Ruling, stating that defendants had yet to comply with the court's injunction order, and asking that the court rule on the Motion to Stay "on an expedited basis." (Dkt. 47, at 2). The court will deny the motion as unnecessary, as the court has been prepared to rule promptly on the Motion to Stay as soon as plaintiff filed its Response. Nor should the parties suffer the delay of a further Reply, especially where defendants cannot address the missing elements of a stay for the first time in such a pleading. *See Stump v. Gates*, 211 F.3d 527, 533 (10th Cir.2000); *Rubio v. Turner Unified Sch. Dist. No. 202*, 523 F.Supp.2d 1242, 1252 (D.Kan.2007).

WL 477272 (D. Kan. Aug. 5, 1994). Indeed, under Tenth Circuit rules, "[n]o application for a stay or an injunction pending appeal will be considered unless the applicant addresses all of the [enumerated rules]."  10th Cir. R. 8.1.

The defendants do not attempt to address three of these elements, focusing solely on reargument of the merits of plaintiff's constitutional claims. Accordingly, the Motion will be denied.

The court notes that even if defendants' motion addressed the required elements, the court would have denied it, as the elements weigh heavily against a stay. Denial of the stay will work no great injury to the defendants. Compliance with the injunction means only that the defendants will be required to authorize Title X funding to the plaintiff, an organization that (prior to the Kinzer amendment) the State had routinely approved. In contrast, granting the stay will work irreparable injury to the plaintiff, as explained in the court's prior Order. Moreover, denying the stay will advance the public interest. Defendants contend replacement family planning services providers are available in Hays and Wichita, but have failed to show that these providers have the present ability to meet the level of services Planned Parenthood had provided.

Finally, the defendants have failed to make the required  strong showing that their appeal will likely succeed. The injunction is not mandatory in nature, and does not require defendants to "accept applications from and give funds to all comers," as defendants suggest. (Dkt. 44, at 9). As the court stated in its prior Order, Section 107(l) conflicts with

federal law not because it fails to guarantee success to all applicants for Title X funding, but because it guarantees failure for a disfavored minority of applicants. The injunction is not mandatory, because it allows defendants to proceed in a manner consistent with the prior status quo between the parties. The court finds defendants have not presented a substantial basis for appeal on the merits.

IT IS ACCORDINGLY ORDERED this 17th day of August, 2011, that the plaintiff's Motion to Expedite Briefing Schedule (Dkt. 47) and defendants' Motion to Stay (Dkt. 43) are hereby denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE