IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Planned Parenthood of Kansas and Mid-Missouri,

        Plaintiff,

vs.                             Case No. 11-2357-JTM

Robert Moser, M.D., Secretary of KDHE,

        Defendant.

MEMORANDUM AND ORDER

This matter is before the court on the Motion to Intervene by Dodge City Family Planning Clinic, Inc. The Clinic, which provides no abortion services, argues that it was stripped of Title X funding essentially as collateral damage from the Kinzer Amendment's redefinition of eligibility standards, and has attached a proposed motion for injunctive relief. That motion asserts a Supremacy Clause claim similar to that advanced by plaintiff Planned Parenthood. (Dkt. 65, Exh. 3).

Under Fed. R. Civ. P. 24(a)(2), a party may intervene as a matter of right if (1) the motion is timely; (2) the movant has an interest relating to the property or transaction that is the subject of the action; (3) the disposition of the litigation may, as a practical matter, impair or impede the movant's interest; and (4) the existing parties do not adequately represent the movant's interest. Under Rule 24(b), the court has discretion to allow permissive intervention if (1) the motion is timely, (2) the movant has a claim or defense that shares with the main action a common question

of law or fact, and (3) intervention will not unduly delay or prejudice the adjudication of the original parties' rights.

The defendant, Dr Robert Moser,[1] opposes intervention, arguing that the Dodge City clinic does not possess the same interest as Planned Parenthood, as "[t]he subject of [its] case is not abortion or alleged animus." (Dkt. 70, at 3). He also argues that the motion to intervene is untimely, arguing that intervention — and any resulting order requiring funding to the clinic — will work "continuing irreparable harm to the State's sovereignty" and will "necessarily" delay the ongoing appeal. (*Id*. at 4). He suggests that the Dodge Clinic is simply forum shopping, and would not be prejudiced by advancing a separate action. In addition, the defendant argues that special circumstances mitigate against granting intervention, specifically the recent oral argument before the Supreme Court in *Douglas v. Independent Living Center*, 09-958, on the issue of implied preemption under the Spending Clause. (*Id*. at 8). The defendant does agree that the interests of the proposed intervenor are not adequately represented by the current plaintiff, Planned Parenthood. (Dkt. 70, at 5).

The court hereby grants the Motion to Intervene. Shorn of rhetoric reflecting the State's continuing disagreement with the previous findings of the court, including its reference to *Douglas v. Independent Living Center*, the defendant's Response offers little justification for denying intervention under either Rule 24(a)(2) or 24(b), and the court finds that intervention is appropriate under both rules.

---

[1] Defendant Sam Brownback was dismissed from the action by stipulation of the parties on September 27, 2011. (Dkt. 62).

The defendant correctly notes that the Planned Parenthood and the Dodge City clinic do not have the "same interest" in "provid[ing] abortion, advocate for abortion, and associate with abortion providers," (Dkt. 70, at 2-3), but this is not the standard for intervention. Both the plaintiff and the intervenor have an interest in Title X funding that is applied in a constitutional manner. Both plaintiff and intervenor advance a common question of law, as to the claim of Title X eligibility preemption.

"The timeliness of a motion to intervene is assessed in light of all the circumstances, including the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances." *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1250 (10th Cir.2001) (quotation omitted). The timeliness of a motion to intervene is committed to the discretion of the court. *Alameda Water & Sanitation Dist. v. Browner*, 9 F.3d 88, 90 (10th Cir.1993).

The court finds that the Motion to Intervene is timely. The defendant has failed to show that intervention will work to actually or materially delay its appeal of the court's prior ruling. The preemption argument advanced by the Dodge City clinic is essentially identical to that advanced by Planned Parenthood. The defendant's argument as to continuing harm to the State's sovereignty is an argument that has been previously rejected by the court. No discovery has occurred in the present action, which remains in its preliminary stages. The Kinzer Amendment only recently took effect, and the court finds that the Dodge City clinic's attempt to remain open through the use of volunteer contributions provides a sufficient rationale for any minor delay in seeking intervention. Similarly,

the court finds no justification for an imputation of forum shopping on the part of the intervenor, given the nature of its claim and the existence of an ongoing federal action addressing precisely that issue.

Accordingly, the court grants the Motion to Intervene, and the Clinic may file its proposed Motion for Injunctive Relief forthwith. The defendant shall file its Response to the Motion for Injunctive Relief on or before October 13, 2011. This schedule is justified in light of the intervenor's allegations of imminent and irreparable harm. Further, given the court's familiarity with the arguments previously advanced by the parties on the Supremacy clause claim, the defendant need not repeat arguments advanced in previous briefing.

IT IS ACCORDINGLY ORDERED this 11th day of October, 2011, that the Motion to Intervene (Dkt. 65) is granted, as provided herein.

/s J. Thomas Marten
J. THOMAS MARTEN, JUDGE