IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PLANNED PARENTHOOD
   OF KANSAS AND MID-MISSOURI, *and*
DODGE CITY FAMILY PLANNING
   CLINIC, INC.,

        Plaintiffs,

     *v.*　　　　　　　　　　　　　　　　Case No. 11-2357-JTM

ROBERT MOSER, M.D., Secretary,
   Kansas Department of Health and Environment,

        Defendant.

## MEMORANDUM AND ORDER

The court has previously enjoined the defendant from enforcing Section 107(l) of H.B. 2014, 84th Leg. (Kan. 2011), which operates unconstitutionally to bar the plaintiffs from eligibility for Title X family planning funding in Kansas. (Dkt. 39). The matter is now before the court after an Amended Complaint filed by plaintiff Planned Parenthood, which alleges that the Kansas legislature, in its new budget bill for the upcoming fiscal year, has adopted Section 82(k) of House Substitute for Senate Bill No. 294, which reenacts the restrictions on Title X family planning funding contained in Section 107(l). The new bill was signed by the Governor of Kansas on June 1, 2012, and becomes effective July 1, 2012.

Both Planned Parenthood and Dodge City Family Planning Clinic have moved the court to maintain the injunction in place, incorporating their prior arguments. (Dkt. 101,

102). Defendant Moser opposes the motions, incorporating his arguments opposing the Section 107(1) injunction. (Dkt. 103).

As with Section 107(l), Section 82(k) gives "priority" to "public entities" and to "hospitals or federally qualified health centers [FQHCs] that provide comprehensive primary and preventative care in addition to family planning services." All other entities receive no priority. The court holds that the rationale for its existing injunction is equally applicable to the reenacted funding prohibitions contained in Section 82(k), and hereby incorporates its findings and conclusions set forth in its Memorandum and Order of August 1, 2011. The court finds that the plaintiffs have demonstrated a likelihood of prevailing on the merits of their claims, that the plaintiffs will suffer irreparable injury without the injunction; that this injury outweighs any injury the injunction will cause the defendant; and that continuance of the injunction furthers the public interest. As a result, the injunction previously issued as to Section 107(1) is extended and applied in the same manner and for the same reasons as to Section 82(k).

IT IS ACCORDINGLY ORDERED that the plaintiffs' Motions for Extension of Preliminary Injunction (Dkt. 101, 102) are hereby granted, and the defendant is hereby enjoined from enforcement or reliance on Section 82(k), is ordered and directed to allocate all Title X funding for State Fiscal Year 2013 without reference to Section 82(k), and to provide continuation grant funding to the plaintiffs. The court further finds in its discretion that no bond is required.

IT IS SO ORDERED this 29th day of June, 2012.

                                            <u>s/J. Thomas Marten</u>
                                            J. Thomas Marten, Judge