IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PLANNED PARENTHOOD OF )
KANSAS AND MID-MISSOURI, )
                               )
               Plaintiff,      )
v.                             )   No. 11-cv-2357-JTM
                               )
                               )
ROBERT MOSER, MD,              )
Secretary, KDHE                )
               Defendant.      )
                               )
                               )

## ORDER

Plaintiff Planned Parenthood of Kansas Mid-Missouri (Planned Parenthood) has filed a second amended complaint (Dkt. 115). The second amended complaint adds allegations identical to those originally pled to a section of the new budget bill passed by the Kansas legislature in 2013. The relevant provision, Section 131(k) of Senate Bill No. 171, would extend, in all respects, the limitations on funding for federal Title X family planning funds in Kansas contained in Section 107(l) of H.B. 2014, 84th Leg. (Kan. 2011) and Section 82(k) of House Substitute for Senate Bill 294, 85th Leg. (Kan. 2012) through fiscal year 2015. Governor Brownback signed the 2013 bill on June 15, 2013, to become effective July 1, 2013.

Section 131(k) is identical to Section 107(l) and Section 82(k). Section 131(k) limits the distribution of federal Title X family planning funds in Kansas according to only "two priorities:" (1) "First priority to public entities;" and (2) "if any moneys

remain, then, Second priority to hospitals or federally qualified health centers [FQHCs] that provide comprehensive primary and preventative care in addition to family planning services." This is the exact same funding limitation that was the subject of this court's August 1, 2011 Memorandum and Order granting a preliminary injunction against its enforcement (Dkt. 39) and its June 29, 2012 Order extending the preliminary injunction ("Extension Order") (Dkt. 104).

Planned Parenthood now has filed a motion to extend the prior orders enjoining and restraining the enforcement of Section 107(1) and Section 82(k) so that they are also applicable to Section 131(k). The plaintiff's motion is based upon and incorporates the same arguments and authorities originally presented in support of its motion filed as to Section 107(1). *See* Dkt. 5; Dkt.116. Defendant Robert Moser, MD, Secretary of the Kansas Department of Health and Environment, does not oppose the motion.

The court previously granted the plaintiff's motions for preliminary injunction and extension of the preliminary injunction. It outlined its findings and conclusions in its August 1, 2011 Memorandum and Order and it June 29, 2012 Extension Order. The court holds that its existing injunctions are equally applicable to the reenacted funding prohibitions contained in Section 131(k) and hereby incorporates its findings and conclusions set forth in the prior Memorandum and Order and Extension Order in this Order. *See* Dkt. 39, 104. Although the court incorporates it August 1, 2011 Memorandum and Order in its entirety, the court explains that plaintiff meets the standard for injunctive relief:

In particular, the court finds that Planned Parenthood has demonstrated that it will likely prevail on the merits of its Supremacy Clause claims.  For the same reasons that the court found that plaintiff would likely succeed on its Supremacy Clause claims with respect to Section107(l), the identical Section 131(k) is unconstitutional both because its purpose is "discrimination against Planned Parenthood," and because it "serves to create an additional condition for a successful subgrant application, completely excluding a class of entities who are otherwise qualified under federal law for Title X participation" and thus "is in direct conflict with federal law."  Order, Dkt. 39 at 24, 28.

Similarly, Planned Parenthood also "has demonstrated a strong likelihood of success on its claim that" Section 131(k) "is an unconstitutional infringement of its rights of association under the First and Fourteenth Amendments."  Order, Dkt. 39 at 32-33.

Plaintiff also satisfies all remaining factors for a preliminary injunction: (1) Planned Parenthood and its patients will suffer irreparable injury without the injunction; (2) Planned Parenthood's injury outweighs any injury the injunction will cause the defendant; and (3) an injunction furthers the public interest.  *See* Order, Dkt. 39 at 33 ("The court finds that plaintiff has met this burden, and that it has made a strong showing that injunctive relief is appropriate.").  Thus, the injunction previously issued as to Section 107(1) should be extended and applied in the same manner and for the same reasons as to Section 131(k).

IT IS ACCORDINGLY ORDERED that the plaintiff's Motion for Extension of Preliminary Injunction (Dkt. 116) is hereby granted, and the defendant is hereby enjoined from enforcement or reliance on Section 131(k), is ordered and directed to allocate all

Title X funding for State Fiscal Years 2014 and 2015 without reference to Section 131(k), and to provide continuation grant funding to the plaintiff.

The court further finds in its discretion that no bond is required.

**IT IS SO ORDERED:**

Dated this 28th day of June, 2013 at Wichita, Kansas.

                                           s/J. Thomas Marten
                                           HON. J. THOMAS MARTEN
                                           United States District Judge